EMERY H. SYKES, Ex'r., *vs.* MAINE CENTRAL RAILROAD COMPANY.

Cumberland.   Opinion October 13, 1913.

*Contributory Negligence.   Demurrer.   Due Care.   Engineer.   Exceptions.
Flagman.   Motion.   Negligence.   Revised Statutes,
Chapter 51, Section 71.   Warning.*

This action was for the death of Theda C. Sykes, the plaintiff's decedent, alleged to have been caused by the negligence of the defendant, in which a nonsuit was ordered on motion of the defendant.

*Held:*

1.  That this motion is in the nature of a demurrer to the evidence and raises every question of law arising in the course of the trial, regardless of particular exceptions.

2.  It cannot be said, as a matter of law, that it is negligence for a railroad to omit the use of a flagman at a crossing, unless requested to employ one under Revised Statutes, chapter 51, section 71.

3.  That if a team is in sight of the train and the train is in sight of the team, the engineer has a right to assume that the occupants of the team will observe the law in looking and listening for the train and that they will not attempt to cross the track.

On exceptions by plaintiff.   Exceptions overruled.

This is an action on the case brought in the Superior Court for the County of Cumberland to recover damages for the instantaneous death of Theda C. Sykes, which occurred at Gray, in said

county, and alleged to have been occasioned by the negligence of the defendant corporation. Plea, general issue.

At the conclusion of plaintiff's testimony, the presiding Judge, upon motion, ordered a nonsuit, and the plaintiff excepted to said order.

The case is accepted in the opinion.

*George C. Webber,* for plaintiff.

*Symonds, Snow, Cook & Hutchinson,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, KING, BIRD, PHILBROOK, JJ.

SPEAR, J. This case was tried in the Superior Court in Cumberland County. Upon the completion of the plaintiff's testimony the presiding Judge, upon motion, ordered a nonsuit. This motion is in the nature of a demurrer to the evidence and raises every question of law arising in the course of the trial, regardless of particular exceptions.

The plaintiff's decedent was crossing the railroad track at Gray, in the rear seat of a carriage driven by Mr. Isaac Lord. It is unnecessary to state the situation in detail since, upon the evidence, the contributory negligence of Mr. Lord seems quite conclusive. Yet, whether the decedent was in the exercise of due care, Lord's negligence not being imputable, raises a question for the jury, under proper instructions. Accordingly, the one question for determination is whether the defendant was in the exercise of due care. We think the evidence fails to show negligence.

The plaintiff, however, contends that the defendant was negligent upon two grounds: First, because it had no flagman to inform travellers of approaching trains; second, because the fireman when he first saw the team did not inform the engineer that he might impede the progress of the train or stop it. Under the evidence the only question here involved is that of subsequent negligence, or last chance doctrine.

Upon the first proposition, we do not think it can be said, as a matter of law, that it is negligence for a railroad to omit the use of a flagman at a crossing, unless requested to employ one under R. S., ch. 51, sec. 71. No evidence of such request appears. But upon

this point the plaintiff offered to show that the defendant had, and did, upon the passage of certain trains employ a flagman, and that Mr. Lord, the driver of the team had been so informed, as bearing upon the question of Mr. Lord's contributory negligence. But as Mr. Lord's contributory negligence could not be imputable to the decedent, and as no attempt was made to bring this information home to her, it became immaterial, as the issue, under the order of nonsuit, is whether the due care of the decedent should have been submitted to the jury; and we have found, if the defendant was negligent, it should.

Upon the second proposition the plaintiff contends that the defendant was negligent through the failure of the fireman to communicate to the engineer the presence of the Lord team when he first saw it, and the consequent failure of the engineer to retard or stop the train. The only evidence upon this issue is that of the fireman, John Frank, called by the plaintiff. While the photographs show the relative locations of the places and objects involved in the accident, it may yet be well to give a brief description. The two tracks at this point are located north and south; the station is on the east side of the track; the platform is located between the station and the track and extends south, past the south end of the station, one hundred and two feet. The team was standing at the end of this platform facing the track, the horse's head being "very near over the track" as stated by Mr. Lord. The train was coming from the north. The highway crossed the track some little distance south of the end of the platform so that it was necessary for the team to travel south parallel or nearly so with the track this distance before making the turn over the track.

The evidence as a whole will show that when the fireman first saw the team moving, there was sufficient time to check or halt the train before it reached the place of accident. Upon this situation the fireman testified as follows: Q. How were they travelling at the time that you first saw them? A. Apparently away from the platform and away from the railroad track. Q. Now were you going fast? A. They were. Q. What did you think in relation to them when you first saw them? A. My first thought was they were going up over the hill and away from the station and railroad. Q. You mean up this road here (indicating on chalk)? A. I mean

that way, yes. Q. Was the horse headed for this road here? A. No, he wasn't, but he made a turn for that road. The first step that he took, he turned his head in that direction. Q. Did you sound any signal? A. I had nothing to do with the sounding of the whistles, other than to warn the engineer. Q. Did you warn the engineer? A. I did. Q. Immediately? A. Immediately I discovered they were going to cross the track. Q. When you first saw the team did you notify or warn the engineer? A. No.

Upon this testimony was the defendant negligent? It must be conceded that trains to make their time must have a right to expect an unobstructed right of way; that, when the approaching train can be clearly seen 650 feet from a crossing the engineer and fireman cannot be expected or required to anticipate that any team will attempt to cross the track in front of that train; that if a team is in sight of the train and the train in sight of the team the engineer has a right to assume that the occupants will observe the law in looking and listening for the train and that they will not attempt to cross the track. *Marlow* v. *Railroad Co.,* 85 Maine, 519. We think the engineer and fireman in the case at bar, under the testimony, had a right to assume that the team would not attempt to cross the track, with the approaching train in full view, however near the team might drive to it. Accordingly the only question is, was the engineer guilty of negligence in his management after he saw that the team was actually going to attempt to cross in front of the train? The fireman says that "immediately" when he discovered this to be the situation, he notified the engineer but the case is devoid of evidence to show that this warning was in season to enable the engineer to avoid the accident.

We are unable to discover any evidence that would warrant a jury in finding that the defendant was negligent.

*Exceptions overruled.*